United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 25, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-31094
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL A. WATSON,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
(3:04-CR-186-ALL)
--------------------

Before KING, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Michael A. Watson appeals his guilty-plea conviction for use of a firearm during and in relation to a drug trafficking crime, a violation of 18 U.S.C. § 924(c)(1)(A). Watson traded a quantity of drugs to an undercover agent in exchange for a handgun. Watson specifically reserved the right to appeal whether this factual basis was sufficient to support his conviction for use of a firearm under the statute.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Watson acknowledges our decisions in United States v. Zuniga, 18 F.3d 1254 (5th Cir. 1994), and United States v. Ulloa, 94 F.3d 949 (5th Cir. 1996), but he argues that these decisions are distinguishable and thus not controlling. He asserts that, in his case, government agents first proposed trading drugs for the handgun, that he controlled the handgun for only moments before his arrest, and that he could not have used the handgun because it was unloaded. We conclude, however, that nothing in Zuniga or Ulloa suggests that any of these factors are material to the determination of "use" or otherwise render those cases distinguishable.

Watson also asks us to "reconsider" Zuniga and Ulloa in light of contrary decisions from other circuits. "It is a firm rule of this circuit that in the absence of an intervening contrary or superseding decision by this court sitting en banc or by the United States Supreme Court, a panel cannot overrule a prior panel's decision." Burge v. Parish of St. Tammany, 187 F.3d 452, 466 (5th Cir. 1999).

AFFIRMED.